```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

JAMES B. FAUST,                   )
        Plaintiff,                )
                                  )
        v.                        )
                                  )   C.A. No. 11-10422-DPW
SHERIFF ANDREA J. CABRAL, ET      )
AL.,                              )
                                  )
        Defendants.               )

                       MEMORANDUM AND ORDER
                         March 16, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

   On March 14, 2011, plaintiff James B. Faust ("Faust"), a prisoner at the Suffolk County Jail in Boston, Massachusetts, filed this civil action pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985, against four defendants: 1) Sheriff Andrea J. Cabral; (2) Superintendent Gerard Horgan; (3) Disciplinary Hearing Officer Michael O'Driscoll; and (4) Correctional Officer Lt. Barrows.  He alleges retaliation, denial of access to the courts, and other violations of his civil rights in connection with the issuance of a disciplinary report against him and the resulting imposition of sanctions without a disciplinary hearing.

   Along with the Complaint, Faust filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

   On March 14, 2011, a Procedural Order (Docket No. 4) issued denying Faust's Motion for Leave to Proceed *in forma pauperis* because he did not submit his prison account statement as required by 28 U.S.C. § 1915.  Faust was directed to pay the $350.00 filing fee or resubmit an *in forma pauperis* request along with his certified prison account statement within 21 days.

   Also on March 14, 2011, Faust filed a Motion for a Temporary

Restraining Order (Docket No. 5), a Memorandum in Support (Docket No. 6), and an Affidavit in Support (Docket No. 7). Faust seeks an Order enjoining the defendants from interfering with his right of access to the law library, and directing the defendants to provide him with 10 hours a week of law library time (two hours a day for five days a week). He also seeks an Order prohibiting the defendant from denying him the ability to assist other inmates with their suits.

II. DISCUSSION

To obtain the extraordinary remedy of preliminary injunctive relief, Faust must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Me. 1993)(extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, Faust must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, Faust has not certified his efforts to give notice to the adverse parties regarding his request for immediate injunctive relief. Additionally, Faust has not shown

2

that he has exhausted his administrative remedies with respect to his requested temporary injunctive relief regarding law library access or assisting other prisoners.[1] Further, Faust has not satisfied the filing fee requirements of this court and therefore is not entitled to any relief until the filing fee issue is resolved.

More importantly, however, I cannot find, based on the record, that Faust is entitled to temporary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on an *ex parte* basis. Faust's claims that he is being retaliated against for filing a lawsuit against Sheriff Cabral are conclusory.[2] Although his allegations concerning the lack of a disciplinary hearing and the lack of a *bona fide* administrative appeal process are troubling and are probative to the question of temporary

---

[1] In Faust's Affidavit in Support (Docket No. 7), he alleges that the defendants are tampering with his legal parcel mail both incoming and outgoing because the defendants sent letters back to the courts stating that he was no longer at the Suffolk County House of Correction. This is not a claim raised in his Complaint, nor has Faust indicated that he has exhausted his administrative remedies with respect to his allegations of mail tampering. In light of this, Faust's assertions of mail tampering are not persuasive in considering the propriety of granting *ex parte* injunctive relief.

[2] I also note that certain of Faust's civil rights claims may be subject to dismissal for failure to state a claim upon which relief may be granted because: (1) Faust fails to plead cognizable claims under 42 U.S.C. § 1981 and § 1985 as no racial animus has been set forth in the Complaint; and (2) Faust's claims against Sheriff Cabral and Superintendent Horgan are subject to dismissal for lack of *respondeat superior* liability.

3

relief, at this point I view Faust's requests for relief to be premature.  The record needs to be developed further before I can access the merits of his claims.  Without the benefit of a response from the defendants, I cannot find that Faust has shown a likelihood of success on the merits, nor can I find that the harm to the defendants would not outweigh the harm to him should injunctive relief be granted.  Further, I cannot find that Faust has shown that granting the relief requested would not adversely effect the public interest in having secure prisons.  For all of these reasons, I will not grant *ex parte* relief in any form.

Accordingly, Faust's Motion for a Temporary Restraining Order (Docket No. 5) is <u>DENIED</u> in its entirety without prejudice to renew his request <u>after</u> satisfaction of the filing fee requirements of this court, and <u>after</u> the defendants have filed a responsive pleading to the Complaint.


SO ORDERED.

<u>/s/ Douglas P. Woodlock</u>
UNITED STATES DISTRICT JUDGE