```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JAMES B. FAUST,  )
      Plaintiff,  )
)
      v.  )
)   C.A. No. 11-10422-DPW
SHERIFF ANDREA J. CABRAL, ET  )
AL.,  )
      Defendants.  )

MEMORANDUM AND ORDER
April 11, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

On March 14, 2011, plaintiff James B. Faust ("Faust") filed this civil rights action concerning various prison conditions. On March 14, 2011, I issued a Procedural Order (Docket No. 4) denying without prejudice Faust's Motion for Leave to Proceed *in forma pauperis* because he did not submit his prison account statement as required by 28 U.S.C. § 1915. Also on March 14, 2011, Faust filed a Motion for a Temporary Restraining Order ("TRO")(Docket No. 5) and pleadings in support. Faust sought an Order enjoining the defendants from interfering with his right of access to the law library, and directing the defendants to provide him with 10 hours a week of law library time. He also seeks an Order prohibiting the defendant from denying him the ability to assist other inmates with their suits.

On March 16, 2011, I issued a Memorandum and Order (Docket No. 8) denying Faust's TRO motion on an *ex parte* basis, finding that he failed to certify his efforts to give notice to the adverse parties, that he had not shown that he has exhausted his

administrative remedies with respect to certain requests, and that he had not shown sufficiently that he was entitled to injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. I indicated my view that the record needs to be developed further before I could access the merits of Faust's claims, and balance the harm to the parties and the public. Finally, I found that Faust had not satisfied the filing fee requirements of this court and therefore he was not entitled to any relief until the filing fee issue was resolved.

Subsequent to my denial of the Motion for a TRO, on March 21, 2011, Faust filed another *ex parte* Motion for a TRO (Docket No. 10) along with supporting materials. He alleges censoring of his legal documents as retaliation for his filing of a civil complaint against Sheriff Cabral. He reiterates the background of his civil rights claim regarding the disciplinary sanction received without a hearing, for assisting a co-inmate. He asserts mail tampering because the defendants sent letters back to the courts stating that the plaintiff is no longer at the Suffolk County House of Correction. He seeks an Order enjoining mail tampering.

Additionally, on March 23, 2011, Faust filed a renewed Motion for Leave to Proceed *in forma pauperis* along with his

prison account statement.[1]

II. DISCUSSION

    A. <u>The Renewed Motion for a Temporary Restraining Order</u>

Faust's renewed *ex parte* TRO request fares no better than his first. To reiterate, he again failed to certify his efforts to the adverse parties with respect to his request for injunctive relief, he failed to demonstrate that he has exhausted his administrative remedies with respect to his claims of mail tampering, and, most importantly, absent a response from the defendants, I cannot adequately gauge the merits of his claims, nor can I balance the harms to the parties or the public should injunctive relief be granted. In short, I will not consider Faust's requests for *ex parte* TRO relief of this nature.

Accordingly, Faust's renewed Motion for a Temporary Restraining Order (Docket No. 10) is <u>DENIED</u> in its entirety without prejudice to renew his request <u>after</u> the defendants have filed a responsive pleading to the Complaint.

    B. <u>The Renewed Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Faust's renewed financial disclosures and his prison account statement, I find that he has demonstrated

---

[1] On March 21, 2011, Faust filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 9) without a prison account statement. The Clerk's Office terminated that motion as duplicative of his Motion (Docket No. 13), containing an attached prison account statement.

3

sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, Faust's renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 13) is <u>ALLOWED</u>. However, because Faust is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff James B. Faust is assessed an initial partial filing fee of <u>$7.55</u>, pursuant to 28 U.S.C. § 1915(b)(1)(B);[2]

2. The remainder of the fee <u>$342.45</u> is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

B. <u>Screening of the Complaint</u>

Faust's Complaint is subject to the provisions of the Prison Litigation Reform Act 1995 ("PLRA"), Title VIII of Pub. L. 104-134, 110 Stat. 1321-1375 (1996). The PLRA contains provisions which grant courts the authority to screen and dismiss prisoner complaints. *See* 28 U.S.C. § 1915 (proceedings *in forma*

---

[2]This assessment was based on a manual calculation of 20% of the average monthly deposits over a six-month period based on the prison account information submitted by Faust covering the period October 1, 2010 to March 26, 2011 (as the average monthly balance during this period cannot be manually calculated). This assessment is without prejudice to his seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b). Further, this assessment is made notwithstanding that Faust may not have sufficient funds in his prison account to pay the initial partial filing fee; the *in forma pauperis* statute provides the court "shall assess, and, when funds exist, collect...." 28 U.S.C. § 1915(b)(1).

*pauperis*);[3] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[4] In conducting a preliminary review, I liberally construe Faust's Complaint because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

    C.    <u>Order for Issuance of Summonses and Service of Process by the United States Marshal Service</u>

Although Faust's Complaint is not pristine and some claims may be subject to dismissal,[5] I will permit this action to

---

[3] Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

[4] Section 1915A of Title 28 authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

[5] As I noted in the prior Memorandum and Order (Docket No. 8), certain of Faust's civil rights claims may be subject to dismissal for failure to state a claim upon which relief may be granted because: (1) the allegations of retaliation contained in the Complaint are conclusory; (2) the claims under 42 U.S.C. § 1981 and § 1985 are subject to dismissal because no racial

proceed in its entirety at this time, and will direct the Clerk to issue summonses. Additionally, because Faust is proceeding *in forma pauperis*, I will direct the United States Marshal Service to effect service of process as instructed by Faust, and to advance the costs of service.

III. CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's renewed Motion for a Temporary Restraining Order (Docket No. 10) is <u>DENIED</u>;

2. Plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 13) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

3. The Clerk shall issue summonses with respect to Sheriff Andrea J. Cabral, Superintendent Gerard Horgan, Hearing Officer Michael O'Driscoll, and Lt. Barrows; and

4. The Clerk shall send the summonses, a copy of the Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, a copy of the Complaint, and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Douglas P. Woodlock<br>UNITED STATES DISTRICT JUDGE

---

animus has been set forth; and (2) Faust's claims against Sheriff Cabral and Superintendent Horgan are subject to dismissal for lack of *respondeat superior* liability.