```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

JAMES B. FAUST,                        )
        Plaintiff,                )
                                   )
        v.                         )
                                   )  C.A. No. 11-10422-DPW
SHERIFF ANDREA J. CABRAL, ET           )
AL.,                                   )
        Defendants.                )

                    MEMORANDUM AND ORDER
                      September 27, 2011

WOODLOCK, D.J.

I.    INTRODUCTION

     On March 14, 2011, plaintiff James B. Faust ("Faust"), a prisoner at the Suffolk County Jail in Boston, Massachusetts, filed this civil rights action Sheriff Andrea J. Cabral; Superintendent Gerard Horgan; Disciplinary Hearing Officer Michael O'Driscoll; and Correctional Officer Lt. Barrows.  Faust alleged retaliation, denial of access to the courts, and other violations of his civil rights in connection with the issuance of a disciplinary report against him and the resulting imposition of sanctions without a disciplinary hearing.

     On July 12, 2011, defendants Barrows, Cabral, Horgan, and O'Driscoll filed, through their defense counsel, a Motion to Dismiss (Docket No. 25), and a Memorandum in Support (Docket No. 26), on several different grounds, including failure to state claims upon which relief may be granted, and failure to exhaust administrative remedies.

     In response, Faust filed a Motion to Strike Defense Counsel (Docket No. 27) on the grounds that defense counsel, Maria

Romero-Cabone, Assistant Attorney General, may not represent state employees sued in their individual capacities. He cites, *inter alia*, a 1982 advisory opinion of the Massachusetts Attorney General's Office to District Attorney Anthony J. Ruberto, Jr., stating that the District Attorney did not have the authority to represent the Sheriff of Berkshire County as the defendant in a civil action under 42 U.S.C. § 1983. *See* Exhibit D: 1981-82 Mass. Op. Atty. Gen. No. 13, 1982 WL 18832 (Mass. A.G.). He also asserts that he has exhausted his administrative remedies, and attaches copies of grievance responses. Faust did not respond to the allegations that he failed to plead sufficient facts to establish constitutional violations, and that he failed to set forth plausible claims for deprivations based on race, pursuant to 42 U.S.C. § 1981 and § 1985. He also failed to respond to the contention that his § 1983 claims against the defendants are not cognizable because they are based on a *respondeat superior* theory of liability, and this is not a viable theory under § 1983 law.

On August 9, 2011, defendants filed an Opposition to Faust's Motion to Strike Defense Counsel (Docket No. 28) on the grounds that the advisory opinion relied on by plaintiff is inapposite because the District Attorney's Office does not represent the defendants in this action.

II. DISCUSSION

    A.    <u>The Motion To Disqualify Defense Counsel</u>

The issue whether the Attorney General's Office ("AGO") may

represent state employees sued in their personal capacities recently has arisen in an analogous case in this Court. *See Dolan v. Connell, et al.*, Civil Action No. 10-10249-NMG. In Dolan, the *pro se* plaintiff Dolan ("Dolan") sought an order for defense counsel's withdrawal of appearance on behalf of a court librarian and a court officer sued under 42 U.S.C. § 1983. The AGO argued that it had authority under Mass. Gen. Laws ch. 12, § 3 to represent the individual defendants sued in their personal capacity, stating:

> The Massachusetts Legislature specifically provided that "[t]he attorney general shall appear for the Commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called in question .... All legal services required by such departments, officers, commissions…in matters relating to their official duties shall, except as otherwise provided, be rendered by the attorney general or under [her] direction." Mass. Gen. Laws. c. 12, § 3 (emphasis added). While the Commonwealth recognizes the general principle that Commonwealth employees may sometimes be sued in their individual capacities,[fn1] even when that happens, the OAG still retains the right to represent those defendants when they are sued, where their actions complained of were done in the course of their employment, and hence it is their "official" actions that are "called in to question." Mass. Gen. Laws. C. 12, § 3.

Opposition to Plaintiff's Motion Opposing the Attorney General's Offices's Representation of Defendants (Docket No. 27 at 1-2).

Magistrate Judge Bowler held a hearing regarding disqualification of defense counsel, and on December 16, 2010,

3

she denied the motion, on the grounds that, because the defendants were working an engaged in official duties for the state at the time of the events leading to the lawsuit, Massachusetts law required the AGO to appear, where the official acts of the officials were called into question, notwithstanding the suit alleged personal liability.  Magistrate Judge Bowler rejected the notion that the AGO's Office was shielding the defendants from personal liability.  *See* Memorandum and Order (Docket No. 36 at 2).

Dolan filed a Motion for Reconsideration, and defendants filed an Opposition, citing cases from other courts rejecting similar objections to representation.  *See* Opposition (Docket No. 40 at 2-3).  On May 17, 2011, Magistrate Judge Bowler issued an Electronic Order denying the Motion for Reconsideration on the disqualification issue, again reiterating that the AGO's representation of the individual defendant did not shield him from personal liability, and thus did not interfere with the objectives of § 1983.

Dolan then filed a petition for writ of mandamus with the United States Court of Appeals for the First Circuit ("First Circuit").  The First Circuit denied his petition on August 23, 2011.  *See In Re Thomas J. Dolan*, No. 11-1692 (1st Cir. Aug. 23, 2011); *Dolan v. Connell, et al.*, Civil Action No. 10-10249-NMG

(Judgment, Docket No. 51).[1]

---

[1]The First Circuit's Judgment (Docket No. 51) stated:

This is a petition for a writ of mandamus. Petitioner Thomas Dolan has brought a civil-rights action under 42 U.S.C. § 1983 and related state law against two state employees in their individual capacities. As authorized by statute, the defendants are being represented by counsel from the attorney general's office. See Mass. G.L. c. 12, § 3. Petitioner seeks an order disqualifying such counsel, contending that the statute interferes with the remedial objectives of § 1983 and thereby violates the Supremacy Clause.

Petitioner has made no showing that the extraordinary remedy of mandamus is warranted. He specifically asks for advisory mandamus, which is available only in a "tiny class of cases" presenting an issue that is "novel, of great public importance, and likely to recur." United States v. Horn, 29 F.3d 754, 769 (1st Cir. 1994). Nothing of that sort is involved here. Compare, e.g., In re Sony BMG Music Entm't, 564 F.3d 1, 4 (1st Cir.) (granting writ of advisory mandamus), cert. denied, 130 S. Ct. 126 (2009); In re United States, 426 F.3d 1, 5 (1st Cir. 2005) (same).

Nor has petitioner established a basis for supervisory mandamus. Such relief is generally limited to situations where the applicant "has a clear entitlement to relief, yet is threatened with irreparable harm should that relief be delayed or deferred." United States v. Green, 407 F.3d 434, 439 (1st Cir. 2005). There is no irreparable harm here, since "[a]n order refusing to disqualify counsel ... [is] reviewable on appeal after final judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377 (1981). Petitioner has not cited anything that "would make an end-of-case appeal ineffectual or leave legitimate interests unduly at risk." In re Recticel Foam Corp., 859 F.2d 1000, 1006 (1st Cir. 1988). Nor has petitioner shown a clear entitlement to relief. At least at first glance, the two Supreme Court cases on which he relies--Haywood v. Drown, 129 S. Ct. 2108 (2009), and Felder v. Casey, 487 U.S. 131 (1988)--appear to involve burdens on § 1983's remedial objectives that are not at stake here.

In light of the *Dolan* findings and rulings, I cannot find that Faust has met his burden in this case to demonstrate that disqualification of defense counsel is warranted in this action.

Accordingly, I will <u>DENY</u> Faust's Motion to Strike Defense Counsel (Docket No. 27).

A.  <u>The Motion to Dismiss</u>

I agree with the defendants that Faust has not raised cognizable claims under 42 U.S.C. § 1981 or § 1985.[2]  Faust has

---

<u>Id.</u>

[2]Section 1981 concerns racial discrimination in the making and enforcement of contracts. *Runyon v. McCrary*, 427 U.S. 160, 172 (1976).  To state a claim under § 1981, a plaintiff must allege (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute. *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002).  Here, Faust has not alleged that he is a member of a racial minority or that any action by any defendant denied him the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship by reason of a race-based animus.  Thus, his claims must be dismissed.

Similarly, section 1985 concerns conspiracies to violate civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Because Faust has made no allegation which even inferentially indicates that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus, he fails to state

failed to respond to the defendants contentions in this regard. Accordingly, I will DISMISS all claims based on 42 U.S.C. § 1981 or § 1985.

Nevertheless, defendants' arguments that Faust has not stated any constitutional claims under 42 U.S.C. § 1983 ignores Faust's claims that he has been disciplined simply for exercising his constitutional right to assist other inmates. *Johnson v. Avery*, 393 U.S. 483, 490 (1969), a habeas case, held that a prisoner has the right to assist another inmate in the preparation of legal documents for the court, subject to reasonable restrictions (as in time and place of prisoner work) or unless the State provides a reasonable alternative to assist inmates.

Expanding on *Johnson*, the Supreme Court stated in *Bounds v. Smith*, 430 U.S. 817, 823 (1977) that:

> Since inmates had no alternative form of legal assistance available to them, we reasoned that this ban on jailhouse lawyers effectively prevented prisoners who were "unable themselves, with reasonable adequacy, to prepare their petitions," from challenging the legality of their confinements. Id., at 489, 89 S.Ct. at 750. Johnson was unanimously extended to cover assistance in civil rights actions in Wolff v. McDonnell, 418 U.S. 539, 577-580, 94 S.Ct. 2963, 2985-2988, 41 L.Ed.2d 935 (1974).

---

claims upon which relief may be granted. *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); *see Romero-Barcelo v. Hernandez Agosto,* 75 F.3d 23, 35 (1st Cir. 1996)(conclusory statements are insufficient to support a §1985(3) claim); *accord Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977).

*Bounds*, 430 U.S. at 823 (emphasis in bold).

Here, the defendants concede that the Disciplinary Report issued against Faust was for his preparation of legal work for another inmate. The only justification for this is that this violates Department policy. Broadly reading Faust's Complaint to challenge this policy as violative of his civil rights, I cannot find that this action is foreclosed by the lack of *respondeat superior* liability, where the supervisory defendants are alleged to be enforcing a seemingly unconstitutional policy.

Accordingly, I will not dismiss Faust's claims under § 1983 on this basis.[3] I also do not find that the defendants, in the context of a motion to dismiss and on this record, are entitled to qualified immunity. Contrary to defendants' assertion that there was no clearly established constitutional right, the case law cited above unequivocally establishes such a right. There is no evidence before me at this time from which I could conclude

---

[3] Defendants also do not address Faust's allegations that he has been retaliated against for exercising his constitutional rights to file suit in state court. I consider that Faust's allegations regarding Lt. Barrows's actions of standing over him reading his legal papers, and the denial of a hearing on the Disciplinary Report -- despite the alleged agreed continuance -- could constitute evidence of retaliation. See Cody, et al. v. Walter, et al., 256 F.3d 764, 771 (8th Cir. 2001) ((discussing prisoner retaliation claims, noting that claims of retaliatory conduct such as disciplinary actions, filing of false rule violation reports, disparate treatment, etc. created a genuine issue of material fact). It is also not clear whether Faust has exhausted his administrative remedies with respect to his retaliation claims.

that Faust did not have a constitutional right to assist another inmate in the library (without being subject to discipline). I also cannot find that a reasonable official in the same circumstances would not have known that her conduct violated that established right.

Notwithstanding the above, the viability of the § 1983 claims, however, is not clear, because of the unresolved issue regarding exhaustion of prison remedies under the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(e). Defendants contend Faust has not exhausted with respect to Cabral, Horgan, or O'Driscoll, as none of the grievances filed by Faust alleged any misconduct by defendants Cabral, Horgan, or O'Driscoll. Defendants also contend that the grievance that Faust attaches to his Complaint alleges only misconduct by defendant Barrows and an unnamed party, Lt. Depass.

Faust has challenged defendants' claims by asserting that he has, in fact, exhausted all of his administrative remedies. Because it is not clear at this juncture, I will direct the defendants to file, within 14 days of the date of this Memorandum and Order, a grievance log with copies of all written grievances and correspondence by Faust that pertain to the incident alleged in the Complaint, and all written responses to Faust by state officials. The log shall indicate the names of all individuals named in each grievance. Upon review of that submission , I will

consider whether an evidentiary hearing is warranted, or whether further briefing is necessary. I will <u>RESERVE</u> ruling on the defendants' Motion to Dismiss with respect to Faust's claims under 42 U.S.C. § 1983.

III. CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's Motion to Strike Defense Counsel (Docket No. 27) is <u>DENIED</u>;

2. Defendants' Motion to Dismiss (Docket No. 25) is <u>ALLOWED</u> with respect to plaintiff's claims under 42 U.S.C. § 1981 and § 1983 as to all defendants;

3. Defendants' Motion to Dismiss (Docket No. 25) is <u>RESERVED</u> with respect to plaintiff's claims under 42 U.S.C. § 1983 as to all defendants;

4. Within 14 days of the date of this Memorandum and Order, defendants shall submit a grievance log with copies of all written grievances and correspondence by Faust that pertain to the incident alleged in the Complaint, and all written responses to Faust by state officials.

SO ORDERED.

/s/ Douglas P. Woodlock<br>UNITED STATES DISTRICT JUDGE